Bergan, J. (dissenting).
The police presented to Dr. Panitz, the school vice-principal, a search warrant, The People concede it was a bad warrant. Possessed of the warrant they searched a locker which defendant had rented and which had been assigned personally to him.
The court is again holding, as it did when the case was here before (20 N Y 2d 360), that, notwithstanding the purported authority of a bad -search warrant, the search of defendant’s locker was good because the principal who had general control of the school premises “ consented ” to the search.
*527 No matter how the record is read, the coercive effect of this bad search warrant on the principal as well as on the defendant is inescapable. Dr. Panitz himself testified that in permitting the search of defendant’s locker he was “ honoring the search warrant ” (supra, p. 364).
There can be no doubt, therefore, that this was a search “ in reliance upon a warrant” within the language of Bumper v. North Carolina (391 U. S. 543, 549). It must equally be said of this present situation, as it was said in Bumper, that “ the situation is instinct with coercion ” (p. 550).
This means that if the bad search warrant played an effective role in the invasion of defendant’s privacy, the result is unlawful even though the vice-principal also gave his ‘ ‘ consent ” to the search and had a general authority in the school premises.
Mrs. Death gave her consent to the search of her own house in Bumper, as the Supreme Court of North Carolina found (State v. Bumper, 270 N. C. 521), but this was not permitted to cover in the coercive effect of a bad search warrant which played a part in the resulting ‘1 consent ”.
Even if, on pur own independent evaluation of Bumper, we might think it quite distinguishable from the present problem, there can be no doubt that the Supreme Court saw an analogy between the cases because, in vacating the judgment of the Appellate Term entered on the remission from this court (20 N Y 2d, supra, p. 364), it remanded the case back to New York “ for' further consideration in the light of ” its Bumper decision (Overton v. New York, 393 U. S. 85).
We are bound to respect this remand. Our reconsideration should be something more than a reiterated statement of our previous ground of decision and a categorical rejection of the binding relevancy of Bumper.
The order should be affirmed.
Judges Soileppi, . Keating and Jasen concur with Judge Bubke ; Judge Bebgan dissents and votes to affirm in a separate opinion in which Chief Judge Fuld concurs; Judge Bbeitel dissents and votes to affirm solely on constraint of Bumper v. North Carolina (391 U. S. 543).
Upon reargument: This court’s decision of July 7, 1967, reversing the order of Appellate Term, adhered to.